USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MISAEL GENISMANCHAME,

           Petitioner-Plaintiff,

-against-

THOMAS DECKER, in his official capacity as Field Office Director, New York City Field Office, U.S. Immigration & Customs Enforcement; ALEJANDRO MAYORKAS, in his official capacity as Secretary, U.S. Department of Homeland Security; MERRICK GARLAND, in his official capacity as Attorney General, U.S. Department of Justice,

           Respondents-Defendants.

No. 21-CV-4433 (RA)

ORDER

---

RONNIE ABRAMS, United States District Judge:

      On May 17, 2021, Petitioner-Plaintiff Misael Genismanchame petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Mr. Genismanchame contends that his current detention by Immigration and Customs Enforcement ("ICE") violates the United States Constitution because, at his bond hearing, the immigration court placed on Mr. Genismanchame the burden to disprove the appropriateness of his civil imprisonment by clear and convincing evidence.

      According to his petition, Mr. Genismanchame is presently detained at the Hudson County Jail in Kearny, New Jersey, a non-federal facility at which he is held at the direction of, and pursuant to, a contract between the federal government and Hudson County. Mr. Genismanchame maintains that venue properly lies in the Southern District of New York, and

that Respondent-Defendant Thomas Decker, the Director of ICE's New York Field Office, is his immediate custodian and the proper respondent.

Although neither the Supreme Court nor the Second Circuit has determined whether the "immediate custodian rule" applies in the immigration habeas context, most, but not all, judges in this District have so ruled. *Compare S.N.C. v. Sessions*, 325 F. Supp. 3d 401, 410 (S.D.N.Y. 2018); *Cesar v. Shanahan*, No. 17 Civ. 7974 (ER), 2018 WL 1747989 (S.D.N.Y. Dec. 5, 2018); *Almazo v. Decker*, No. 18 Civ. 9941 (PAE), 2018 WL 5919523 (S.D.N.Y. Nov. 13, 2018); *Chan Lo v. Sessions*, No. 17 Civ. 6746 (GHW), 2017 WL 8786850 (S.D.N.Y. Sept. 15, 2017); *Adikov v. Mechkowski*, No. 16 Civ. 3797 (JPO), 2016 WL 3926469 (S.D.N.Y. July 18, 2016); *Bacuku v. Shanahan*, No. 16 Civ. 0305 (LGS), 2016 WL 1162330 (S.D.N.Y. Mar. 1, 2016) *with Grant v. Decker*, No. 20 CIV. 2946 (AKH), 2020 WL 3402445 (S.D.N.Y. June 19, 2020); *Arias v. Decker*, No. 20 Civ. 2802 (AT), 2020 WL 2306565 (S.D.N.Y. May 8, 2020); *Rodriguez Sanchez v. Decker*, No. 18-CV-8798 (AJN), 2019 WL 3840977 (S.D.N.Y. Aug. 15, 2019) .

This Court has on numerous occasions transferred such cases to the district in which petitioner was confined at the time he filed his petition, on the basis of the immediate custodian rule. *See, e.g. Sanchez v. Decker*, No. 19-cv-8354 (RA), 2019 WL 6311955 (S.D.N.Y. Nov. 25, 2019); *Kolev v. Sessions,* No. 17-cv-9477 (RA), 2019 WL 1748436 (S.D.N.Y. Apr. 16, 2019); *Salcedo v. Decker*, No. 18-cv-8801 (RA), 2019 WL 339642 (S.D.N.Y. Jan. 28, 2019).  In each such case, this Court found that the petitioner's proper custodian was the warden of the New Jersey facility where she was detained rather than the New York field office director who exercised legal authority over her immigration case.  The Court is therefore inclined to transfer this matter to the District of New Jersey.  It is hereby:

3

      ORDERED that no later than June 25, 2021, Petitioner shall demonstrate why this case is distinguishable from the cases cited above.  The government may respond by July 2, 2021.

SO ORDERED.

Dated:     June 9, 2021
             New York, New York

                                                   Ronnie Abrams
                                                 United States District Judge